# UNITED STATED DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT BONNETTE, FREDERICK GEASON,**     CIVIL ACTION NO.
**CLEMENTH DORSEY, and STEVE BEZET**

00-949-C-M1

VERSUS

**CITY OF PLAQUEMINE AND C.J. CAZES,**
**INDIVIDUALLY AND AS CHIEF OF POLICE,**
**PLAQUEMINE POLICE DEPARTMENT**

## COMPLAINT

### JURISDICTION AND VENUE

**I.**

This is a civil action against the defendants within this District based upon 42 U.S.C. §§ 2000e et seq. and 1981 (hereinafter Title VII and Section 1981, respectively), seeking a remedy for race discrimination and the actions of the defendants which serve to subject the plaintiffs to a hostile, burdensome, and racially discriminatory work environment and to additionally impair individual plaintiffs from making and enforcing contracts as guaranteed under the laws of the United States, all of which occurred in the Plaquemine Police Department.

**II.**

This Court has jurisdiction over the Title VII and Section 1981 claims under 28 U.S.C. §1331 and 28 U.S.C. §1343, and venue lies in this District under 28 U.S.C. § 1391(b).

### PARTIES

**III.**

Plaintiffs are current police officers of the Plaquemine Police Department (hereinafter "Department"). Plaintiffs are citizens of the full age of majority of the United States of America

Plaintiffs Geason and Dorsey are domiciliaries of Ascension Parish, Louisiana; plaintiffs Bezet and Bonnette are domiciliaries of Iberville Parish, Louisiana. Made defendant is the City of Plaquemine, a political subdivision of the State of Louisiana. At all times material herein, the Plaquemine Police Department was a division the City of Plaquemine. Defendant C.J. Cazes, upon information and belief, is a citizen of the full age of majority of the United States of America and a domiciliary of Iberville Parish. Defendant Cazes, at all times material herein, was the duly elected Chief of Police of the Plaquemine Police Department and he is therefore the agent of the Plaquemine Police Department and/or the City of Plaquemine. Defendant, Cazes' tenure as the Chief of Police of the Plaquemine Police Department ends on or about January 2, 2001.

IV.

At all relevant times, the City of Plaquemine was and is an "employer" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. §2000e(b)).

**Count One- Title VII**

V.

Plaintiffs Frederick Geason, Clementh Dorsey, Steve Bezet, and Robert Bonnette seek a permanent injunction to restrain the defendants from maintaining any policy, practice, custom, or usage, on the ground of race or color, of withholding, denying, attempting to withhold or deny, depriving or attempting to deprive, or otherwise interfering with or limiting the rights of plaintiffs to equal employment opportunities at the Plaquemine Police Department, without discrimination.

VI.

Defendant C.J. Cazes, the duly elected Chief of Police of the Plaquemine Police Department at all times material herein, has and continues to engage in a systematic pattern of racially discriminatory conduct and disparate treatment directed to employees of the Plaquemine Police

Department, including plaintiffs Frederick Geason and Clementh Dorsey, on the basis of race, and has generally created a hostile, burdensome, and racially discriminatory work environment in the Plaquemine Police Department through such conduct and treatment which subjects all named plaintiffs to injury in fact. At all times material, defendant Cazes acted within his actual or apparent authority as an agent for the Plaquemine Police Department and the City of Plaquemine.

VII.

Despite the fact that it knew, or should have known, that a systematic pattern of racially discriminatory conduct and disparate treatment was being carried out by its duly elected Chief of Police, C.J. Cazes, and that a hostile, burdensome, and racially discriminatory work environment created by such conduct and treatment existed in the Department, the City of Plaquemine has failed to take steps or to make an effort to redress the plaintiffs or to otherwise remedy the pattern of racially discriminatory conduct and disparate treatment within the department or to cure the hostile, burdensome, and racially discriminatory work environment.

VIII.

Defendants have limited the employment opportunities of plaintiffs Frederick Geason and Clementh Dorsey, as well as other officers in the Department, have discriminated against them in the compensation, terms, conditions, and privileges or employment because of race and color.

IX.

Defendants' discrimination against plaintiffs Frederick Geason and Clementh Dorsey with respect to terms, conditions, and privileges of employment were intended to deny and have had the effect of denying the plaintiffs equal employment opportunties and to otherwise adversely affect their status as employees solely because of their race and color in violation of their rights secured to them by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

X.

While plaintiff Frederick Geason has been employed by the Plaquemine Police Department, he has been subjected to discrimination on account of his race, African American, by the duly elected Chief of Police, defendant Cazes. During the course of his employment with the Department, such discrimination has been continuous and has caused plaintiff irreparable injury. Specifically, defendant Cazes has made disparaging racial comments directly to, and in the presence of, Geason while Geason was on duty at the Plaquemine Police Department. Further, Geason has received numerous unwarranted "write-ups" during the course of his employment on the basis of his race.

XI.

While plaintiffs Frederick Geason and Clementh Dorsey have been employed by the Plaquemine Police Department, they have been forced to work in a hostile, burdensome, and racially discriminatory work environment by being witnesses to and by otherwise being subjected to the aggressive, threatening, sexually suggestive, and retaliatory actions taken by Chief C.J. Cazes without justification by the policies and procedures of the Plaquemine Police Department and/or the City of Plaquemine. Plaintiffs Geason and Dorsey, being an African Americans, have additionally suffered injury in fact by being forced to work in a racially discriminatory work environment created by the intentional actions of defendant Cazes and the failure of the Plaquemine Police Department and/or the City of Plaquemine to remedy such environment.

XII.

Plaintiffs Steve Bezet and Robert Bonnette have been witnesses to and have otherwise been subjected to the aggressive, threatening, and sexually suggestive actions taken by Chief C.J. Cazes without justification under the policies and procedures of the Plaquemine Police Department and/or the City of Plaquemine. Plaintiffs Bezet and Bonnette, while being white males, have further suffered

injury in fact by being forced to work in a racially discriminatory environment caused by the actions of defendant Cazes and the failure of the Plaquemine Police Department and/or the City of Plaquemine to remedy that environment.

XIII.

Plaintiffs Frederick Geason, Clementh Dorsey, Steve Bezet, and Robert Bonnette have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and their desire for a permanent injunction is their only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from defendants' policies, practices, customs and usage as set forth herein unless and until enjoined by this Court.

XIV.

Plaintiffs have satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII (42 U.S.C. §2000e-5). Specifically,

a. Plaintiffs each filed a timely written charges of discrimination with the United States Equal Employment Opportunity Commission (EEOC) on or about March 20, 2000;
b. Plaintiffs received notification from the EEOC that their claims were not within the parameters of the EEOC's jurisdiction through their counsel on September 22, 2000;
c. Plaintiffs bring the instant action within 90 from the receipt of their notification from the EEOC.

WHEREFORE, Plaintiffs respectfully invoke the remedial powers of this Court as provided in Title VII and pray for the following:

a. Defendants be permanently enjoined from discriminating against plaintiffs on any basis forbidden by Title VII;
b. Defendant be ordered to compensate, reimburse, and make whole plaintiffs for all the benefits that each plaintiff would have received had it not been for defendants' illegal action, including, but not limited to, pay, benefits, training, promotions, and seniority;
c. Additional equitable relief as this Court deems proper and just;
d. Costs and expenses of this action and an award to plaintiffs of reasonable

attorney fees as provided in Section 706(k) of Title VII (42 U.S.C. §2000e-5(k)).

**Count Two- Section 1981**

XV.

Plaintiffs restate and reallege all the statements made in Count One, paragraphs I through XIV, of this Complaint. In addition to, and more particularly, plaintiffs allege:

XVI.

Plaintifffs Frederick Geason and Clementh Dorsey, being African Americans, are members of a racial minority.

XVII.

Plaintiffs Frederick Geason and Clementh Dorsey have suffered purposeful and intentional discrimination in the making and enforcement of contracts on the basis of their race through their employment at the Plaquemine Police Department in violation of 42 U.S.C. § 1981.

XVIII.

As set forth in the allegations of Count One, plaintiffs Geason and Dorsey have suffered disparate treatment in their employment as officers in the Plaquemine Police Departmenton the basis of their race and have been subjected to a hostile, burdensome, and racially discriminatory work environment by being witnesses to and and by otherwise being subjected to the aggressive, threatening, sexually suggestive, and retaliatory actions taken by Chief C.J. Cazes without justification by the policies and procedures of the Plaquemine Police Department and/or the City of Plaquemine.

WHEREFORE, in addition to the prayers for relief contained in Count One of this Complaint, plaintiffs respectfully pray that this Court award judgment in favor of plaintiffs for the violations of plaintiffs' rights under 42 U.S.C. § 1981, and award plaintiffs the following:

a. Actual and consequential damages as may be proven, plus interest;
b. Compensatory damages to compensate for the pain, suffering, and humiliation plaintiffs have suffered due to Defendants' illegal actions;
c. Punitive damages payable to Plaintiffs in an amount to properly penalize defendants for their misconduct and to deter such wrongdoing in the future;
d. An award of costs incurred in this action, plus reasonable attorney fees as provided by 42 U.S.C. § 1988.

Respectfully submitted:

**POWERS & WILLARD, L.L.P.**

John Dale Powers (#8805)
7967 Office Park Boulevard (70809)
Post Office Box 15948
Baton Rouge, Louisiana 70895
Telephone: (225) 928-1951
Telecopier: (225) 929-9834

**PLEASE SERVE:**

City of Plaquemine
through its agent for service
L. Phillip Canova, Jr.
58156 Court Street
Plaquemine, Louisiana 70764

**and**

C.J. Cazes (individually)
Plaquemine Police Department
Railroad Avenue
Plaquemine, LA 70765