
UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT BONNETTE, FREDERICK GEASON, CLEMENTH DORSEY, and STEVE BEZET | * * * * | CASE NO. 00-949-C-M1 |
| VERSUS | * * | JUDGE TYSON |
| CITY OF PLAQUEMINE AND C. J. CAZES, INDIVIDUALLY AND AS CHIEF OF POLICE, PLAQUEMINE POLICE DEPARTMENT | * * * * * | MAGISTRATE JUDGE RIEDLINGER |

* * * * * * * * * * * * *

### ANSWER AND DEFENSES TO COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes the City of Plaquemine ("the City"), and responds to the Complaint filed by Robert Bonnette, Frederick Geason, Clementh Dorsey, and Steve Bezet, ("Plaintiffs"), as follows:

**1.**

Paragraph I of the Complaint does no contain any factual allegations and, thus, does not require a response from the City; however, out of an abundance of caution, all allegations contained therein are denied.

**2.**

Paragraph II of the Complaint states legal conclusions and, thus, does not require a response from the City; however, out of an abundance of caution, all allegations contained therein are denied.

**3.**

The City admits the allegations in the first and second sentences of Paragraph III. The City denies the allegations in the third sentence of Paragraph III for lack of information sufficient to justify a belief therein. The City admits the fourth, fifth and sixth sentences in Paragraph III. With

respect to the seventh sentence in Paragraph III, the City admits that C. J. Cazes was the duly elected Chief of Police, but denies the remainder of the allegations to the extent they are intended to state a legal conclusion as to liability of the City and/or the Police Department. The City admits the allegations in the last sentence of Paragraph III.

4.

The City admits that it is an "employer" as defined in Title VII, but, to the extent that Paragraph IV is intended to imply that the City is the "employer" for purposes of alleged liability in this case, those allegations are denied.

5.

Paragraph V of the Complaint does not contain any factual allegations and, thus, does not require a response from the City; however, out of an abundance of caution, all allegations contained therein are denied. The City further avers that Plaintiffs' request for injunctive relief is moot because, as Plaintiffs admit in Paragraph III of their Complaint, C.J. Cazes is no longer the duly elected Chief of Police of the City of Plaquemine.

6.

The City denies all allegations in Paragraph VI of the Complaint.

7.

The City denies all allegations in Paragraph VII of the Complaint.

8.

The City denies all allegations in Paragraph VIII of the Complaint.

9.

The City denies all allegations in Paragraph IX of the Complaint.

2

Case 3:00-cv-00949-RET   Document 5   05/01/01   Page 2 of 7

**10.**

The City denies all allegations in Paragraph X of the Complaint.

**11.**

The City denies all allegations in Paragraph XI of the Complaint.

**12.**

The City denies all allegations in Paragraph XII of the Complaint.

**13.**

The City denies all allegations in Paragraph XIII of the Complaint. The City further avers that Plaintiffs' request for injunctive relief is moot because C.J. Cazes is no longer the duly elected Chief of Police of the City of Plaquemine.

**14.**

The City denies the allegations in subparagraphs a, b and c of Paragraph XIV of the Complaint for lack of information sufficient to justify a belief therein, and the City further denies that Plaintiffs have satisfied all procedural and administrative requirements necessary to raise a claim under Title VII of the Civil Rights Act, 42 U.S.C. §2000e-5.

**15.**

The City denies all allegations in the prayer for relief under Paragraph XIV, including subparagraphs a, b, c, and d, and denies that Plaintiffs are entitled to any relief whatsoever against the City.

**16.**

The City restates and incorporates by reference all allegations, denials and defenses made in response to Paragraphs I through XIV of the Complaint.

**17.**

The City admits the allegations in Paragraph XVI of the Complaint.

**18.**

The City denies the allegations in paragraph XVII of the Complaint.

**19.**

The City denies the allegations in paragraph XVIII of the Complaint.

**20.**

The City denies all allegations in the prayer for relief under Paragraph XVIII, including subparagraphs a, b, c, and d, and denies that Plaintiffs are entitled to any relief whatsoever against the City.

**21.**

All allegations not specifically admitted herein are denied.

**AND NOW, FURTHER ANSWERING,** the City raises the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the City under 42 U.S.C. § 1981.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have not alleged any municipal "policy" or "custom" that allegedly caused their injuries sufficient to impute liability to the City under federal civil rights laws.

**THIRD AFFIRMATIVE DEFENSE**

The City is not the "employer" for purposes of Title VII under the facts alleged.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs have not met the jurisdictional prerequisites to suit under Title VII.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim under Title VII or other discrimination laws because it does not allege any adverse employment action, tangible employment action or any conduct severe or pervasive enough to constitute an actionable harassment claim under the law.

## SIXTH AFFIRMATIVE DEFENSE

The City exercised reasonable care to prevent and correct promptly any discriminatory or harassing conduct in the workplace and Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provide by the City or to avoid harm otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim under Title VII or other discrimination laws because the alleged wrongful conduct was not based on any protected classification under the law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' requests for injunctive relief are moot because C.J. Cazes is no longer the duly elected Chief of Police.

## NINTH AFFIRMATIVE DEFENSE

All actions taken by the City were taken for and based upon lawful business reasons; they were not taken based on any protected classifications or for any unlawful reason.

## TENTH AFFIRMATIVE DEFENSE

To the extent C.J. Cazes engaged in unlawful conduct, which is denied, those alleged actions were not taken pursuant to official "custom" or "policy" and were not authorized, ratified or condoned by the City or by the City's policymaking authority.

## ELEVENTH AFFIRMATIVE DEFENSE

In the alternative, any alleged damages must be offset by Plaintiffs' failure, if any, to mitigate those alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages against the City.

## THIRTEENTH AFFIRMATIVE DEFENSE

The City affirmatively pleads the statutory damages caps.

The City expressly reserves the right to assert additional affirmative defenses based on further investigation and discovery.

**WHEREFORE**, the City of Plaquemine prays that this Answer and Defenses be deemed good and sufficient and, after due proceedings are had, there be judgment herein in favor of the City of Plaquemine, dismissing the claims of Robert Bonnette, Frederick Geason, Clementh Dorsey, and Steve Bezet, with prejudice, all costs of these proceedings to be borne by Plaintiffs. The City of Plaquemine further prays for costs and reasonable attorneys' fees under the applicable law and for all other general and equitable relief to which it is entitled.

Respectfully submitted:

*Megan Shemwell Nash*
**MEGAN SHEMWELL NASH**
(La. Bar #19791)
**HOWARD SHAPIRO**
(La. Bar #11968)
McCALLA, THOMPSON, PYBURN,
  HYMOWITZ & SHAPIRO
Poydras Center, Suite 2800
New Orleans, Louisiana 70130
Telephone: (504) 524-2499
Telecopy: (504) 523-8679

**L. PHILLIP CANOVA, JR.**
(La. Bar #3851)
CANOVA & DELAHAYE
58156 Court Street
Plaquemine, Louisiana 70764-2708
Telephone: (225) 687-8340
Telecopy: (225) 687-1868

**ATTORNEYS FOR THE CITY OF PLAQUEMINE**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above **ANSWER AND DEFENSES TO COMPLAINT** has been served upon:

John Dale Powers
7967 Office Park Blvd.
Baton Rouge, Louisiana 70809

Via UPS Next Day Air, UPS Tracking No. N353 563 409 9, this 30th day of April 2001.

v:\7089\6162\6162Answer

*Megan Shemwell Nash*
**MEGAN SHEMWELL NASH**